UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

NTI AG,

    Plaintiff,

v.                                District Court Case No: 2:13-CV-01323JPS

LINMOT, INC., DIANA M. ZENNER,
JOHN E. ZENNER AND DIANA M. ZENNER
REVOCABLE TRUST dated March 9, 2005,

    Defendants.

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER
### PURSUANT TO RULE 26(c)(1)

TO:    Attorney Anthony A. Coletti
          101 Evergreen Parkway #3
          Elkhorn, WI 53121

### NOTICE OF MOTION

Please take notice that the undersigned on behalf of the Defendants, LinMot, Inc.; Diana M. Zenner; and the John E. Zenner and Diana M. Zenner Revocable Trust dated March 9, 2005, bring the following motion on for consideration by the Court pursuant to the local rules of the Court:

### MOTION

1. **Relief Requested:** Defendants request the Court issue a protective order pursuant to Rule 26(c)(1) Fed.R.Civ.Pro. requiring the Plaintiff to select and limit the number of Plaintiff's requests for admissions contained in "Plaintiff's First Request for Admissions to the Defendant, LinMot, Inc." from the 706 requests currently submitted to 25, or such other number the Court deems as appropriate. Defendants further request that Defendant, LinMot, Inc., be provided with additional time to respond to those Requests for Admissions selected by Plaintiff.

2. **Grounds:** As grounds for this motion, Defendants assert that the Plaintiff, NTI AG by its counsel served Plaintiff's First Request for Admissions to the Defendant,

LinMot, Inc. by mail on or about December 23, 2013. The discovery demand contained 706 separately numbered requests which related to 190 exhibits attached to the requests. Plaintiff's First Request for Admissions without attached exhibits are attached to the affidavit of defense counsel, Mark E. Sostarich, as Exhibit "A." Defendants assert that the sheer volume of the requests and exhibits are burdensome, oppressive, and served, at least in part, for purposes of annoyance and harassment. The Request for Admissions contain numerous requests which the Defendants would also object to as being irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

As alleged in Defendants' counterclaims, LinMot, Inc.'s business operations were essentially taken over by NTI AG's recently formed American subsidiary, LinMot, USA, Inc. Defendant, Diana M. Zenner, the widow of the late John E. Zenner, is currently the Chief Operating Officer of LinMot, Inc. Mrs. Zenner's late husband was the principal of LinMot, Inc. prior to his death. Plaintiff's subsidiary company, LinMot, USA, Inc. currently operates out of the space formerly utilized by Defendant, LinMot, Inc. Defendant, Diana Zenner, has had difficulty in obtaining and locating documents that are needed to respond to Plaintiff's requests. Defendant Diana Zenner was not substantially involved in the decision making of LinMot, Inc., or the company's record keeping both of which were done by her late husband. Locating necessary records to respond to lengthy discovery demands is therefore extremely burdensome and oppressive for the Defendants.

Plaintiff's counsel and defense counsel have been attempting in good faith to resolve Defendants' concerns with the substantial number of Request for Admissions which were served. Defense counsel has requested that Plaintiff's counsel limit and narrow the number of requests to target issues in actual dispute. Plaintiff's counsel has graciously agreed to extensions of time to respond to the requests, the last of which

2

terminates on March 21, 2014. In an effort to resolve this matter, Plaintiff also has served additional discovery requests in an effort to obtain necessary information possibly to limit the number of admissions. Final resolution of the discovery dispute has not yet been accomplished. The parties have continued to engage in good faith negotiations.

Defendants respectfully request that the Court issue a protective order which orders the Plaintiff to limit the number of Request for Admissions to the same number as the limit on interrogatories which is provided by Local Civil Rule 33, which limits interrogatories to 25 written interrogatories. In the alternative, Defendants request that the Court establish an appropriate limit on the number of Request for Admissions reducing the request from the 706 currently pending to a reasonable number. Defendants further request that the Court establish a time table for response to these requests.

3. **Basis:** This motion is based upon the accompanying affidavit of Attorney Mark E. Sostarich, Plaintiff's First Request for Admissions to the Defendant, LinMot, Inc., and on arguments to be made by counsel should the Court entertain oral argument on this motion.

Dated this ___ day of March, 2014.

          LAW OFFICE OF MARK E. SOSTARICH
          Attorney for Defendants

By: /s/
    Mark E. Sostarich
    State Bar No: 1018382
    6 South Church Street
    Elkhorn, Wisconsin 53121
    Phone: 262-723-5041
    Fax: 262-723-5141
    Email: msostarich@elkhornlaw.com