UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NTI AG,<br><br>                 Plaintiff,<br>v.<br><br>LINMOT, INC., DIANA M. ZENNER, and JOHN E. ZENNER AND DIANA M. ZENNER REVOCABLE TRUST DATED MARCH 9, 2005,<br><br>                 Defendants. | Case No. 13-CV-1323-JPS<br><br><br><br>ORDER |

       The plaintiff, NTI AG ("NTI") is a Swiss corporation engaged in the manufacture and sale of linear motors and other products. (Compl. ¶¶ 1–2). The defendants are LinMot, Inc. ("LinMot"), Diana M. Zenner ("Diana"), and a trust owned by Diana and her deceased husband, John E. Zenner ("the Trust"). (Compl. ¶¶ 3–5). LinMot is a Wisconsin corporation and licensed local agent of NTI's products and is responsible for selling NTI products, collecting payments therefor, and disbursing payments to NTI. (Compl. ¶¶ 6–9). However, allegedly, since approximately 2008, LinMot has not disbursed any payments to NTI as required; instead, Diana, the trust, and/or LinMot have retained or converted that money to their purposes. (*E.g.*, Compl. ¶¶ 14–23).

       NTI, therefore, sued the defendants in Walworth County Circuit Court for breach of contract, theft, conversion, fraud, and accounting. (*E.g.*, Compl. ¶¶ 10–32). The defendants removed the case to federal court on the basis of diversity jurisdiction. (Docket #1). The Court held a scheduling conference and issued a trial scheduling order (Docket #10, #11), after which time the parties presumably began discovery.

Those discovery efforts hit a snag recently, prompting the defendants to file a motion for a protective order to limit the number of NTI's requests for admission. (Docket #12). Specifically, the defendants point out that NTI has sent over 700 separate requests for admission relating to 190 exhibits. (Docket #12, 1). The defendants assert that "the sheer volume of the requests and exhibits are burdensome, oppressive, and serve, at least in part, for purposes of annoyance and harassment." (Docket #12, 2). They also assert that there are "numerous requests which the Defendants would also object to as being irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence." (Docket #12, 2).

NTI disagrees, pointing out that all of the requests relate directly to transactions for which NTI has not received payment from LinMot. (Docket #13, 2). NTI acknowledges that its requests are numerous, but argues that they are intended to reduce the discovery and trial burdens on the parties. (Docket #13, 2 ("The Requests for Admission are intended to establish, without need for trial or deposition, that one hundred and ninety (190) separate payments made by NTI's customers to LinMot have not been remitted to NTI.")).

The Court must side with NTI in this dispute. The Court begins by pointing out that "[t]he party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant." *E.E.O.C. v. Rexnord Indus., LLC*, 2012 WL 2525652, at *6 (E.D. Wis. June 29, 2012). The defendants have not even begun to meet that burden. In fact, they have not provided the Court with a single case citation in support of their position. Their only clearly-articulated position is that there are very many requests.

To be sure, the sheer number of requests—over 700—prompts a double-take, but that does not mean that the requests are unduly burdensome. Each request is discrete and should be easily verifiable through a review of the defendants' books. (*See* Docket #12, Ex. 1). The standard progression of requests for admission follows this pattern: first, a request to admit that an exhibit is a copy of a check from a customer that was payable to LinMot (*e.g.* Docket #12, Ex. 1, ¶ 1); second, a request to admit that LinMot negotiated the check (*e.g.* Docket #12, Ex. 1, ¶ 2); third, a request to admit that LinMot retained the money from the check (*e.g.* Docket #12, Ex. 1, ¶ 3); and, fourth, a request to admit that the defendants never transferred the corresponding money to NTI (*e.g.* Docket #12, Ex. 1, ¶ 4). Thus, while there are very many requests for admission, none should be difficult to answer, provided that the defendants have kept proper records.

Moreover, the parties will have to address the subjects of each of the requests for admission at some point. It can occur now, through requests for admissions or at depositions or trial, by interviewing witnesses about the defendants' records. But, either way, the defendants and their counsel will have to wade through all of the exhibits provided in the requests for admission. The matter is one of timing—not one of burden—and so the Court does not find that the requests are unduly burdensome.

Furthermore, while "the Defendants would also object to [a number of the requests] as being irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence," (Docket #12, 2), they never specify *which* of the requests fall into that category or the reasons that would support such a finding. The Court, therefore, does not find this to be a suitable ground for striking any of the requests for admission. Instead, the

Page 3 of 5

Case 2:13-cv-01323-JPS   Filed 05/08/14   Page 3 of 5   Document 15

Court has reviewed the requests, and they seem—by and large—to relate directly to disputed transactions for which NTI has not received money that it may have been due.

Finally, the Court does not find the defendants' arguments regarding Diana's lack of involvement and inability to find records to be a persuasive reason for striking any of the requests for admission. The defendants argue that Diana "has had difficulty in obtaining and locating documents that are needed to respond to Plaintiff's requests," and that she "was not substantially involved in the decision making of LinMot, Inc., or the company's record keeping both of which were done by her late husband." (Docket #12, 2). As to the latter point, NTI asserts that well over ninety percent of the payments in question were completed after Diana's husband had already passed away. (Docket #13, 6). As to the former point, the Court notes that the defendants will likely have to produce all of these relevant documents in the discovery process—so, whether or not Diana is having difficulty finding them now, they will need to be produced.

For all of these reasons—and particularly because the defendants have not established any evidence to carry their burden to show that the requests for admission should not be struck—the Court finds it appropriate to deny the defendants' motion. Perhaps NTI can accommodate the defendants by allowing them a longer time to respond to the requests for admission, seeing as there are so many. But, in the end, that is up to the parties to decide. The Court finds that the requests for admission are perfectly reasonable, and will likely cut down on the costs for discovery and trial in the long run.

Accordingly,

IT IS ORDERED that the defendants' motion for a protective order (Docket #12) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge