UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NTI AG,

                  Plaintiff,

v.

LINMOT INC., DIANA M. ZENNER, and
JOHN E. ZENNER AND DIANA M.
ZENNER REVOCABLE TRUST DATED
MARCH 9, 2005,

                  Defendants.

Case No. 13-CV-1323-JPS

ORDER

On March 21, 2014, the defendants filed a motion for a protective order. They sought to have the Court limit the number of requests for admission that they should be required to address. (Docket #12). The plaintiff opposed that motion (Docket #13) and the Court denied it on May 8, 2014. (Docket #15). Thereafter, the plaintiff requested that the Court order the defendants to pay $2,250.00 in attorney fees related to their response to the defendants' discovery motion. (Docket #17).

Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure provides that, if the Court denies a motion for a protective order, the Court

> must after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Thus, the question, here, is whether the defendants' motion was "substantially justified." *Id.* "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the

contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierece v. Underwood*, 487 U.S. 552, 565 (1988)). If the Court finds so, then it should not grant the award. Fed. R. Civ. P. 37(a)(5)(B). Otherwise, the Court *must* grant the award. *Id.*

The defendants argue that their discovery motion was substantially justified given the circumstances under which they submitted it. (Docket #21 at 6–12). Apparently, they filed their motion only after the parties' efforts to limit the plaintiff's (substantial) requests for admission had broken down. (Docket #21 at 8–9). They did so under significant time pressures. (Docket #21 at 8–9). Moreover, it seems as though the plaintiff controlled many relevant documents, making the defendants' efforts more difficult. (Docket #21 at 6–7). All of these factors weigh in favor of the defendants' argument that their position was substantially justified. On the other hand, the defendants opted to provide only the most bare-bones facts and argument in their discovery motion; they cited absolutely no case law in that motion. (Docket #12). Nonetheless, the motion having been made before the Court, it necessitated a response from the plaintiff. After the plaintiff had responded, the defendants opted not to provide any further argument. This fact weighs strongly against a finding of substantial justification: had defendants' position truly been substantially justified, they should have provided a much more robust argument in support of it.

In the end, the Court has vast discretion in supervising discovery and in declining to impose discovery sanctions. *See, e.g.*, *Talbert v. City of Chicago*, 236 F.R.D. 415, 419 (N.D. Ill. 2006) (citing *Crawford-El v. Britton*, 523 U.S. 574 (1998); *Commonwealth Insurance Co. v. Titan Tire Corp.*, 398 F.3d 879, 888 (7th Cir.2004); *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 739 (7th Cir.1998)). It exercises that discretion to split the difference between the parties' positions. To be sure, the circumstances confronting the defendants may have seemed to necessitate a motion; but, in filing that motion, the

defendants should have done a better job of justifying their position. In other words, there may have been an arguable basis for the motion, but the defendants did not adequately articulate that basis, thus requiring the plaintiff and the Court to take significant further action without the help of an adequate supporting brief. Thus, while the defendants have now provided further argument to support their contention that people could disagree over the appropriateness of their position so as to make it substantially justified, *see Stein*, 966 F.3d at 320, the original submissions did not even put the matter in debate. In reality, the defendants' position is, perhaps, best called "partially justified." Therefore, the Court will exercise its discretion to control discovery and impose sanctions and partially grant the plaintiff's request for relief—instead of awarding the entire $2,250.00 requested by the plaintiff, the Court will grant a $1,125.00 award.

Going forward, the Court admonishes the parties to work with one another to the greatest extent possible, so as to avoid additional unnecessary motion practice.

Accordingly,

IT IS ORDERED that the plaintiff's motion for attorney fees (Docket #17), be and the same is hereby GRANTED in part; the defendants and their counsel shall be jointly and severally liable to the plaintiff for an award of attorney fees in the amount of $1,125.00, which shall be paid within thirty (30) days of the entry of this order.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge